JOHN. CHAFFE ET AL. *v.* JAMES A. PATTERSON ET AL.

1. LIS PENDENS.  *Married women.   Purchaser.*
   A bill in chancery to subject a married woman's separate estate, which is
   described therein, to an account for plantation and family supplies, under
   the married woman's law, does not constitute *lis pendens*, which binds her
   estate in the hands of purchasers from her during the pendency of the litiga-
   tion.

2. SAME.  *Subrogation.   Chancery pleading.*
   A bill which avers that money advanced by the complainant was used by the
   defendant to pay a note to a third person which was a lien on land described
   is notice that substitution to the third person's rights is claimed, without a
   prayer for this relief, and a purchaser of the land *pendente lite* is bound by
   such a decree.

APPEAL from the Chancery Court of Hinds County.

HON. E. G. PEYTON, Chancellor.

Susan R. Henry, wife of B. W. Henry, was the owner of a
plantation in Hinds County, part of which she had possessed
for many years. The remainder she bought from S. W. Mont-
gomery, and the purchase-money was evidenced by three notes
secured by a special vendor's lien reserved in the recorded deed.
While things were in this condition she arranged with John
Chaffe & Sons, on February 12, 1880, to advance money and sup-
plies for the plantation and her family, and also money to take up
the first one of the outstanding notes due Montgomery. The
supplies and money were furnished by the Chaffes, and Mrs. Henry
discharged but a small part of the indebtedness thus contracted.

On January 13, 1881, John Chaffe & Sons filed their bill to en-
force the debt due them for such advances. Both the original and
the Montgomery lands were fully described in the bill, which
concluded with a prayer generally to pay the advances by a sale of
all the lands. The answer of Henry and his wife, which was
filed April 24, 1881, after service of summons, set up the defense
that he bought the supplies and borrowed the money, and that
neither she nor her estate was liable.

At final hearing, September 2, 1882, the court decided that as to the money advanced by John Chaffe & Sons to her to take up the purchase note due Montgomery, they were entitled to be subrogated to the rights of her vendor against the Montgomery lands, and that as to the account for supplies and money advanced her for the use of her plantation, and family, they were entitled to a decree against her lands generally ; and a decree was so entered, separately against the whole place for the amount found due on the supply account, and against the Montgomery lands alone for the amount advanced to take up the first purchase note.

Pending this case John Chaffe & Sons bought from Montgomery the two remaining purchase notes and filed a bill in the same court to enforce the vendor's lien on the Montgomery lands for the amount due upon them, and on September 1, 1882, they obtained a decree accordingly. The lands were sold by the commissioner under the decrees in the two cases, selling first enough of the Montgomery lands to satisfy the decree on the notes secured by the vendor's lien, secondly, sufficient of the Montgomery lands to satisfy the decree against them for the money advanced to take up the first vendor's lien note, and thirdly, the balance of the Montgomery and the other lands under the decree against the lands generally for the supply account.

While these two bills were pending in the chancery court, Henry and wife negotiated an advance of supplies from the appellees, and to secure the same gave them a deed of trust, which was recorded March 23, 1882, on the lands mentioned in the two bills. On a settlement, the greater part of this indebtedness remained unpaid. The appellees enjoined the commissioner from paying over to the appellants the proceeds arising under the second and third parts of the sale, on the ground that the lien of their deed of trust was paramount, and gave them the prior right. To this John Chaffe & Sons answered, setting up the facts, claiming that the appellees had constructive notice of the pending litigation between them and Mrs. Henry, at the time they took their deed of trust, that they, the Chaffes, were subrogated to the right of Montgomery to enforce the vendor's lien

note, and that the proceeding to enforce their account for supplies and such subrogated vendor's lien was a proceeding *in rem,* and fastened a charge upon the land from its inception.

At the final hearing, the Chancellor decreed the relief prayed for in the bill, and John Chaffe & Sons appealed.

*E. E. Baldwin,* for the appellants.

1. The doctrine of *lis pendens* is that, it is notice of the matter in issue or the relief sought, and of the contents of the exhibits filed and proved. *Allen* v. *Poole,* 54 Miss. 323. This rule applies particularly to cases where a debt is sought to be enforced against a certain piece of property ; in other words, when the thing itself is indebted. In such cases an assignment of an interest *pendente lite* is not permitted to affect the rights of other parties. Story Eq. Pl., §§ 156–351. In case of a debt for money used in taking up a purchase note given for land, to the rights of the vendor of which, the party advancing the money sought to be, and by the decree of the court, was subrogated, the person subrogated would stand exactly in the place of the vendor, and have the same rights. The doctrine of *lis pendens* obtains in its fullest extent in cases of vendor's lien. Certainly then there could be no change in the rights of the holders of such a debt wrought by any assignment of the property upon which it is secured and upon which it is sought to be enforced.

2. Every suit in this State, whether at law, or in equity, founded upon the contract of a married woman, takes the shape and direction of reaching a specific fund. *Choppin* v. *Harmon,* 46 Miss. 304. Though a wife may, by contract, bind her property, she cannot bind her person. Her separate estate is alone bound by the contract. The enforcement of the contract is in the nature of a proceeding *in rem. Mallett* v. *Parham,* 52 Miss. 921. If not *in personam,* it must be *in rem,* since there are no other actions. It must be one or the other, there is no half-way ground. The action against a married woman's property is an action *in rem,* to enforce the debt and the property itself is the thing indebted. When a *thing* is indebted, and a proper action is pending in a competent court to enforce the debt the owner cannot defeat it by an assignment.

*M. Dabney*, for the appellees.

1. The doctrine of *lis pendens* is inapplicable to the claim against the married women's separate estate. Language used in opinions upon the married woman's law has not this meaning, but another matter was in the minds of the judges, who used the words cited by opposing counsel. A bill of that character is not a proceeding *in rem*, when the doctrine of notice to third persons is under consideration. The expressions used by the court grew out of the difficulty of finding words to embody their ideas.

2. Subrogation as to the Montgomery note was not prayed for, and it was error to decree this relief without it being asked. Notice that the court is about to commit an error is not communicated to strangers by the mere fact that a suit is pending. *Lis pendens* is notice of such facts as are not only averred but are also pertinent to the relief sought. *Allen* v. *Poole*, 54 Miss. 323. Relief was given at the final hearing of John Chaffe & Sons' first case wholly different from anything asked or indicated in the bill.

CAMPBELL, C. J., delivered the opinion of the court.

The suit of the appellants to enforce their demand against Mrs. Henry's separate estate did not constitute a *lis pendens* as to her estate generally, although it was described in the bill, and did not bind such estate in the hands of the appellees, who were purchasers from her during the pendency of the suit. But said suit was a *lis pendens* as to so much of the bill as averred that the money of the complainants was devoted to the payment of a note to Montgomery, which was a lien on part of the land described in the bill, and the appellees were affected with notice that in that suit a decree might be made substituting the complainants to the rights of Montgomery whose lien was discharged by their money, and they were bound by such decree. Therefore the money arising from the sale of the lands of Mrs. Henry purchased from Montgomery in excess of the sum necessary to satisfy the decree of the appellants in their second suit was appropriable to the decree in favor of the appellants in their first suit.

*Decree accordingly.*